**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------------x
McRO, INC., d.b.a. PLANET BLUE,     :
                                     :  C.A. No.
                            **Plaintiff,**     :
                                     :  **JURY TRIAL DEMANDED**
                v.                :
                                     :
2K GAMES, INC.                       :
                                     :
                          **Defendant.**   :
                                     :
                                     :
---------------------------------------------------------------------x

## COMPLAINT FOR PATENT INFRINGEMENT

McRo, Inc., d.b.a. Planet Blue ("Planet Blue"), brings this Complaint for patent infringement against 2K Games, Inc. ("2K" or "Defendant"), and hereby states as follows:

## NATURE OF THE ACTION

This is an action for patent infringement of United States Patent No. 6,307,576 (the "'576 Patent") and United States Patent No. 6,611,278 (the "'278 Patent") (collectively, the "Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., and seeking damages and injunctive and other relief under 35 U.S.C. § 281, *et seq*.

## PARTIES

1. Planet Blue is a corporation existing under the laws of Delaware, with its principal place of business at Santa Monica, California. Planet Blue is actively involved in the advertising industry as a computer graphic, visual effects, and animation services company, which services utilize methods covered by the Patents-in-Suit.

2. Upon information and belief, Defendant 2K is a corporation operating and existing under the laws of Delaware, with its principal place of business at 10 Hamilton

Landing, Novato, California 94949. Upon further information and belief, 2K is engaged in the business of developing and publishing computer and/or video games.

## JURISDICTION AND VENUE

3. This is a complaint for patent infringement under 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant is organized under the laws of Delaware and is doing and has done substantial business in this district, including business relating to the sale and distribution for sale of computer and/or video games made using the methods claimed in the Patents-in-Suit.

5. Venue is proper in this judicial district as to Defendant pursuant to 28 U.S.C. §§ 1391 and 1400(b), because the Defendant is subject to personal jurisdiction in this judicial district and has committed acts of infringement in this judicial district.

## FACTUAL BACKGROUND

6. On October 23, 2001, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '576 Patent, titled "Method for Automatically Animating Lip Synchronization and Facial Expression of Animated Characters." The '576 Patent is attached hereto as **Exhibit A**.

7. On August 26, 2003, the USPTO duly and lawfully issued the '278 Patent, titled "Method for Automatically Animating Lip Synchronization and Facial Expression of Animated Characters." The '278 Patent is attached hereto as **Exhibit B**.

8. Each of the Patents-in-Suit is valid and enforceable.

9. Planet Blue is the assignee of all rights, title, and interest in and to the Patents-in-Suit. Planet Blue therefore holds the right to sue and recover damages for infringement thereof, including past infringement.

10. In part, the Patents-in-Suit cover a method and system for automating the lip-synchronization process for three dimensional animated characters, as used in computer and/or video games.

11. Upon information and belief, 2K, directly or through intermediaries (including distributers, retailers, and others), has acted and is acting to develop, publish, manufacture, import, ship, distribute, offer for sale, sell, and/or advertise (including the provision of an interactive web page) various computer and/or video games. These computer and/or video games have been and continue to be purchased by consumers in the United States, the State of Delaware, and the District of Delaware.

12. Upon information and belief, 2K employs automated lip-synchronization methods and processes to create and develop these computer and/or video games. Upon further information and belief, the Defendant's uses of these lip synchronization methods and processes to create its computer and/or video games infringe, either literally or by equivalents, one or more claims of the Patents-in-Suit in violation of 35 U.S.C. § 271.

### COUNT I: INFRINGEMENTOF THE '576 PATENT

13. Planet Blue realleges and incorporates by reference paragraphs 1-12.

14. Upon information and belief, 2K has used and continues to use the methods claimed in the '576 Patent and has made, used, offered to sell, sold, and/or imported, and continues to make, use, offer to sell, sell, and/or import, computer and/or video games using those methods in the United States, including this judicial district. By using the methods claimed in the '576 Patent and by making, using, offering to sell, selling, and/or importing the aforementioned computer and/or video games, 2K has been and is now infringing, directly under 35 U.S.C. § 271 one or more claims of the '576 Patent, either literally or under the doctrine of equivalents.

15. Defendant, by way of its infringing activities, has caused and continues to cause Planet Blue to suffer damages in an amount to be determined at trial. Planet Blue has no adequate remedy at law against Defendant's acts of infringement and, unless Defendant is enjoined from its infringement of the '576 Patent, Planet Blue will suffer irreparable harm.

16. Planet Blue is in compliance with the requirements of 35 U.S.C. § 287.

## COUNT II: INFRINGEMENTOF THE '278 PATENT

17. Planet Blue realleges and incorporates by reference paragraphs 1-16.

18. Upon information and belief, 2K has used and continues to use the methods claimed in the '278 Patent and has made, used, offered to sell, sold, and/or imported, and continues to make, use, offer to sell, sell, and/or import, computer and/or video games using those methods in the United States, including this judicial district. By using the methods claimed in the '278 Patent and by making, using, offering to sell, selling, and/or importing the aforementioned computer and/or video games, 2K has been and is now infringing, directly under 35 U.S.C. § 271 one or more claims of the '278 Patent, either literally or under the doctrine of equivalents.

19. Defendant, by way of its infringing activities, has caused and continues to cause Planet Blue to suffer damages in an amount to be determined at trial. Planet Blue has no adequate remedy at law against Defendant's acts of infringement and, unless Defendant is enjoined from its infringement of the '278 Patent, Planet Blue will suffer irreparable harm.

20. Planet Blue is in compliance with the requirements of 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Planet Blue respectfully requests that this Court enter judgment in its favor as follows:

A. Holding that Defendant has infringed directly, literally and/or under the doctrine of equivalents, the claims of the '576 Patent;

B. Holding that Defendant has infringed directly, literally and/or under the doctrine of equivalents, the claims of the '278 Patent;

C. Permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '576 Patent;

D. Permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '278 Patent;

E. Permanently enjoining the sale of the computer and/or video games created using the patented methods of the Patents-in-Suit;

F. Awarding to Planet Blue the damages to which it is entitled under 35 U.S.C. § 284 for Defendant's past infringement and any continuing or future infringement up until the date Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

G. Declaring this to be an exceptional case and awarding Planet Blue attorneys' fees under 35 U.S.C. § 285;

H. Awarding Planet Blue costs and expenses in this action;

I. Awarding Planet Blue pre- and post-judgment interest on its damages; and

  J. Awarding Planet Blue such other and further relief in law or in equity as this Court deems just and proper.

## JURY DEMAND

  Planet Blue requests a trial by jury of any and all issues so triable.

Dated: November 21, 2012          Respectfully submitted,

                      FARNAN LLP

                      /s/ Brian E. Farnan
                      Brian E. Farnan (Bar No. 4089)
                      Michael J. Farnan (Bar No. 5165)
                      919 North Market Street
                      12th Floor
                      Wilmington, DE 19801
                      (302) 777-0300
                      (302) 777-0301
                      bfarnan@farnanlaw.com

                      *Attorneys for Plaintiff*

Of Counsel:

Mishcon de Reya New York LLP
750 Seventh Ave, 26th Floor
New York, New York 10019
Telephone (212) 612-3270
Facsimile (212) 612-3297